**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SANDRA BRONICK, a single woman, ) | No. CV-11-01442-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| STATE FARM MUTUAL ) AUTOMOBILE INSURANCE ) COMPANY, a foreign corporation ) licensed to do business in the State of ) Arizona; JOHN DOES I-V; JANE DOES ) I-V; ABC-XYZ CORPORATIONS; and ) BLACK and WHITE PARTNERSHIPS, ) jointly and severally, ) | |
| Defendant. ) | |

Pending before the Court is Plaintiff Sandra Bronick's Motion to Remand. (Doc. 9.) For the reasons that follow, the Court denies Plaintiff's Motion to Remand.

**I. Background**

Plaintiff Sandra Bronick was injured in an automobile accident on December 17, 2009. (Doc. 1-2, at 1.) Plaintiff received $100,000 in compensation from the responsible driver's insurance carrier, State Farm Fire and Casualty Insurance Company. (*Id.*, at 1.) Plaintiff alleged that the amount she received was insufficient to compensate for her damages, so she requested additional compensation from her own insurer, Defendant State Farm Mutual Automobile Company ("State Farm" or "Defendant"), through her Policy's Underinsured Motorist Coverage. (*Id.*, at 2.) When Defendant denied her claim, Plaintiff

commenced this action in Maricopa County Superior Court on July 20, 2011, alleging breach of contract and breach of duty of good faith and fair dealing.

On the same day, Defendant filed a notice of removal to the United States District Court for the District of Arizona. (Doc. 1, at 1.) On August 31, 2011, Defendant filed an amended notice of removal as requested by this Court.[1] Plaintiff filed a timely motion to remand claiming this Court lacks subject matter jurisdiction because Defendant has not provided sufficient evidence to establish that the amount in controversy exceeds $75,000. (Doc. 9.) Plaintiff filed a timely supplement to her motion to remand claiming this Court also lacks subject matter jurisdiction because Defendant has failed to indicate diversity of citizenship. (Doc. 17.)

**II. Legal Standard**

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. §1332(a)(1).

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Federal courts strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the

---

[1] That order stated that Defendant "shall file an amended notice of removal properly alleging federal subject matter jurisdiction, or this case will be remanded for lack of federal subject matter jurisdiction." (Doc. 11.)

first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**III. Analysis**

Plaintiff argues in her Motion to Remand that Defendant has failed to satisfy both the amount in controversy and diversity of citizenship requirements of 28 U.S.C. § 1332 Defendant has the burden of demonstrating that the amount in controversy exceeds $75,000 and that there is diversity of citizenship. The Court will consider each element in turn.

**A. Amount in Controversy**

"In a removed case, . . . the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997)(quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* at 376 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez*, 102 F.3d at 404. "[R]emoval 'cannot be based simply upon conclusory allegations' where the [complaint] is silent" as to the dollar amount of damages the plaintiff seeks. *Singer*, 116 F.3d at 377 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

Defendant concedes that Plaintiff's complaint does not demand a dollar amount, and that therefore the burden falls on the Defendant to prove "by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." (Doc. 13, at 3); *Singer*, 116 F.3d at 376. Defendant also concedes that the original Notice of Removal failed to provide evidence

establishing that the amount in controversy meets the jurisdictional requirement of 28 U.S.C. § 1332(a)(1). (Doc. 13, at 3-4.) However, Defendant is permitted to submit evidence of the amount in controversy after the Notice of Removal has been filed. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).

Defendant claims that Plaintiff's settlement demand letter (Doc. 13, Exh. B), in which Plaintiff requests $100,000 from State Farm – the maximum amount covered by her Underinsured Motorist Coverage – provides sufficient evidence that the amount in controversy exceeds $75,000. (Doc.13, at 4). Defendant further claims that it is "apparent from the letter that [Plaintiff] is seeking an amount greater than $75,000" even if she has not demanded the full $100,000 policy limit. (*Id.*) Defendant points to itemized medical expenses described in the letter that exceed $112,000. (*Id.*; *id.* at Exh. B.) Furthermore, Defendant points out that the demand letter states that the medical expenses listed are not exhaustive and that Plaintiff continues to undergo treatment. (*Id.*)

Plaintiff argues that the demand letter is not proof that this case meets the jurisdictional amount required. (Doc. 14, at 1.) Rather, Plaintiff contends that the demand letter was merely "a starting point to begin negotiating a settlement," and that Defendant's refusal to engage in negotiation leaves the true amount in controversy in doubt. (*Id.*) Plaintiff states that Defendant "has no idea how much money Plaintiff was willing to accept to settle the Underinsured claim" (*Id.*, at 2), although Plaintiff also states that she "in no way concedes or waives her right to recover all damages due her under the applicable law." (Doc. 9, at 3 n.2.)

The Ninth Circuit has held that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn*, 281 F.3d at 840. In *Cohn*, the Ninth Circuit cited with approval other circuit court decisions that placed value on the existence of a settlement letter to establish the amount in controversy. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (holding that a settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th

Cir. 1994 (holding that although not determinative, a settlement offer "counts for something"); *see also Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper."). The Ninth Circuit did note, however, that had the plaintiff "argued that the demand was inflated and not an honest assessment of damages" or made any other "attempt to disavow his letter," then the evidentiary weight afforded to the settlement letter may be less. *Cohn*, 281 F.3d at 840.

The demand letter offered by Defendant is sufficient to establish that the amount in controversy exceeds $75,000. The only requirement that *Cohn* specifies is that the settlement offer appear "to reflect a reasonable estimate of the plaintiff's claim," 281 F.3d at 840, and nothing in Plaintiff's demand letter appears inherently unreasonable. (Doc. 13, at Exh. B.) The demand letter summarizes Plaintiff's injuries and complaints, provides an overview of Plaintiff's medical history stemming from the car accident, and concludes with a line-item list of medical expenses. (*Id.*) This demand letter is far more detailed and comprehensive than the three sentence settlement letter accepted by the Ninth Circuit Court as sufficient evidence of the amount in controversy in *Cohn*. Furthermore, Plaintiff has done nothing to disavow her letter or suggest that the amount demanded in the letter was inflated. Plaintiff insinuates that she may have settled for less than the full policy amount had Defendant engaged in negotiation, but this is pure speculation on her part. There can be no doubt that Plaintiff initially requested $100,000 and would have accepted that amount had Defendant agreed to settle.

Plaintiff has put forth in a detailed demand letter that she is entitled to collect $100,000 as further compensation for her injuries; Defendant disagrees with this assessment. Thus, the amount in controversy exceeds $75,000.

**B. Diversity of Citizenship**

"To identify a corporation's citizenship for purposes of diversity jurisdiction, 'a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . .'" *Montrose Chem. Corp. of*

*California v. Am. Motorist Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (quoting 28 U.S.C. § 1332(c)(1)). The Supreme Court has concluded that a corporation's "principal place of business" is the location of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010). According to the Supreme Court, "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."

Both parties agree on the standard set forth in *Hertz Corp.*, but they disagree on where State Farm's "nerve center" exists. Plaintiff argues that State Farm's nerve center is in Tempe, Arizona because "[a]ll correspondence received by Plaintiff's counsel came from the Tempe, Arizona State Farm offices" and "[t]hose who had direction, control of and who coordinated the activities of Plaintiff's UIM claim on behalf of State Farm were located in the corporate offices of State Farm in Tempe, Arizona." (Doc. 17, at 2.)

Counsel for Defendant states that "State Farm is incorporated and has its principle place of business in Illinois." (Doc. 19, at 4.) Defendant does not dispute that is has offices and a claims department in Arizona, but argues that "State Farm . . . operates in 13 different geographic locations and has over 300 claims offices." (*Id.*)

Plaintiff's argument is unpersuasive. The fact that State Farm has conducted its business with Plaintiff primarily from and through its Tempe, Arizona office does not establish that State Farm's "nerve center" is in Tempe, Arizona. As the Supreme Court stated in *Hertz*, "a corporation's general business activities more often lack a single principal place where they take place." 130 S.Ct. at 1193-94. A corporation "may have several plants, many sales locations, and employees located in many different places" but only one nerve center, "which ordinarily equates that 'center' with a corporation's headquarters." *Id.* State Farm's corporate headquarters is located in Bloomington, Illinois. The fact that State Farm is incorporated and has its principle place of business in Illinois establishes that state as the appropriate "nerve center" of Defendant's corporation. Since Plaintiff is a citizen of Arizona and Defendant is a citizen of Illinois, diversity of jurisdiction exists between the parties.

**IV. Conclusion**

Defendant has carried its burden of establishing that removal is proper by proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that there is diversity of citizenship between the parties. This satisfies the statutory requirements of 28 U.S.C. § 1332. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 9) is denied.

DATED this 17th day of November, 2011.

James A. Teilborg
United States District Judge