WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Bronick, a single woman,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company; et al.,<br><br>　　　　　　Defendants. | No. CV-11-01442-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Recuse the Honorable James A. Teilborg Pursuant to 28 U.S.C.A. § 144 and 28 U.S.C.A. § 455 (the "Motion") (Doc. 76). Plaintiff's counsel has also filed what he calls an "Affidavit" of Facts and Reasons in Support of Her Motion to Recuse (Doc. 77).

**I.　BACKGROUND**

Plaintiff seeks to recuse the undersigned because Defendant's medical witness saw the undersigned twice as a patient, and because the undersigned's former law firm utilized the services of the same medical witness in the past for independent medical evaluations ("IMEs"). Out of an abundance of precaution, the undersigned advised the parties before oral argument on Defendant's pending motion for partial summary judgment (Doc. 65), that he had twice seen Dr. Hartzler, an orthopedist, for minor orthopedic issues. The undersigned explained to the parties that he had seen Dr. Hartzler most recently within the preceding few months, and that he had concluded that given the circumstances there was no basis for recusal.

Plaintiff's counsel has attached Exhibit A to the Affidavit (Doc. 77-1) which consists of seven cases in which Dr. Hartzler was hired by the undersigned's former law firm to perform IMEs. However, only two of the cases occurred when the undersigned was a member of the firm and the undersigned did not work on either case directly. The remaining five cases occurred in 2006, 2007, and 2008, long after the undersigned left the firm to go on the bench in 2000. Further, Plaintiff's counsel argues that,

> Judge Teilborg obviously trusted Dr. Hartzler while he was in private practice else he would not have allowed his firm to hire [Dr. Hartzler] to perform IMEs. Most importantly however, is the fact that Judge Teilborg entrusted Dr. Hartzler with his own health.

(Doc. 77 at 4). Therefore, counsel concludes that the undersigned is inherently biased to trusting Defendant's physician. (*Id.*). Given this conclusion, Plaintiff's counsel then assumes that Dr. Hartzler will be called as a witness at trial and contends,

> If Judge Teilborg does not recuse himself, Plaintiff is faced with the task of putting the Judge's treating physician on the stand and explaining to the Judge and jury why the Judge's own physician's opinions are tainted by financial bias; why the Judge's physician should not be trusted; and why the hiring of Dr. Hartzler—an action Judge Teilborg's previous firm routinely practiced—amounts to bad faith.

(*Id.*). Accordingly, Plaintiff's counsel argues that based on an objective standard of reasonableness the undersigned's impartiality might reasonably be questioned requiring the undersigned to recuse himself under 28 U.S.C. § 144 and 28 U.S.C. § 455. (*Id.*).

## II. ANALYSIS

Section 455 is a self-analysis conducted by the undersigned. Section 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and reasons for the belief

that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

In an abundance of caution and pursuant to section 144, the Court refers this motion to another district court judge to determine if the undersigned should recuse himself.[1]

However, the Court notes that Plaintiff has failed to comply with section 144. Under this statute, Plaintiff must file a sufficient affidavit. While Plaintiff's counsel titled the pleading "Affidavit of Facts and Reasons in Support of Her Motion" (Doc. 77), the pleading is not an affidavit by definition, much less an affidavit by the Plaintiff herself. According to Black's Law Dictionary, an affidavit is "a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary 66 (9th ed. 2009). Plaintiff's Motion is a pleading written by Plaintiff's counsel with no indication that it was sworn to by counsel or Plaintiff under oath, nor is the pleading made under an unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. In spite of these short comings, the Court will still construe Plaintiff's filing as an affidavit for purposes of referring the section 144 motion to another judge for decision.

### III. CONCLUSION

Based on the foregoing,

//
//
//
//

---

[1] The Clerk of the Court has randomly drawn the Honorable Neil V. Wake United States District Judge to hear Plaintiff's Motion.

- 3 -

**IT IS HEREBY ORDERED** that the Plaintiff's Motion to Recuse the Honorable James A. Teilborg Pursuant to 28 U.S.C.A. § 144 (Doc. 76) is reassigned to the Honorable Neil V. Wake United States District Judge.

Dated this 29th day of May, 2013.

*/s/ James A. Teilborg*
James A. Teilborg
Senior United States District Judge