WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Bronick, | No. CV-11-01442-PHX-JAT (NVW) |
| Plaintiff, | **ORDER** |
| v. | |
| State Farm Mutual Automobile Insurance Company, | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Recuse the Honorable James A. Teilborg Pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 (Doc. 76). Plaintiff moves to recuse Judge Teilborg from this case on that grounds that Judge Teilborg's relationship with a witness in the case could cause an objective observer to question his impartiality. For the following reasons, the Motion will be denied.

**I.  Substantive Legal Standard**

Under 28 U.S.C. § 144, if "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, . . . [he] shall proceed no further . . . ." Under 28 U.S.C. § 455(a), "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Under both recusal statutes, the substantive standard is "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citing *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir. 1997)).

1 As a result, "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C.
2 § 455 is the same." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012).

**II.     Procedural Requirements § 144**

The principle difference between the two sections is thus that the procedural requirements for § 144 are much more demanding. Recusal is mandatory pursuant to § 144 "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit . . . ." 28 U.S.C. § 144. As a result, § 144 is "unusual because it requires that the district judge accept the affidavit as true even though it may contain averments that are false and may be known to be so to the judge." *In re Martinez-Catala*, 129 F.3d 213, 218 (1st Cir. 1997). In light of the automatic nature of relief, and because § 144 "expressly conditions relief upon the filing of a timely and legally sufficient affidavit," *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980), courts have been exacting in their requirement of a facially sufficient affidavit and that the movant follow the procedural prerequisites. As a result, a party must strictly follow the precise procedural steps in order to obtain disqualification under § 144. When a party fails to file the required affidavit, that party is not entitled to recusal under §144. *United States v. Sammons*, 918 F.2d 592, 598 (6th Cir. 1990). Similarly, when a party fails to accompany the affidavit with the required "certificate of counsel of record stating that [the affidavit] is made in good faith," 28 U.S.C. § 144, a motion for recusal under § 144 is insufficient. *United States v. Barnes*, 909 F.2d 1059, 1072 (7th Cir. 1990).

In this case, Plaintiff's attorney first filed "affidavit" in support of her Motion to recuse, unsigned by Plaintiff herself. (Doc. 77.) Motions under § 144 are subject to dismissal when the attorney, rather than a party, submits the affidavit in question. *In re Cooper & Lynn*, 821 F.2d 833, 838 (1st Cir. 1987). Here, therefore, that procedural error alone would be sufficient to deny the Motion under § 144 because courts "need consider only the affidavit filed with [a party's] first motion." *United States v. Balistrieri*, 779 F.2d 1191, 1200 (7th Cir. 1985).

The Court has considered Plaintiff's corrected affidavit as well, however, and it

1  too is procedurally deficient.  Though the first affidavit contained the required certificate
2  of counsel (Doc. 78), the corrected affidavit contained no certificate of counsel stating
3  that the corrected affidavit was made in good faith.  Like the failure to file the first
4  affidavit on behalf of Plaintiff, the lack of a certificate of counsel is alone grounds to
5  reject the Motion under § 144.  *Morrison v. United States*, 432 F.2d 1227, 1229 (5th Cir.
6  1970).  Combined, these procedural errors are especially prominent.  In order to obtain
7  relief under § 144, a party must show strict compliance with the procedural requirements
8  of that section.  Plaintiff has failed on two occasions to comply with those requirements,
9  and so her Motion will be denied under § 144.

10 **III.    Objective Standard Under § 455(a)**

11         Unlike § 144, § 455 contains no explicit procedural requirements.  "The test for
12 disqualification under section 455(a) is an objective one"; courts consider whether
13 disqualification is required from the perspective of a reasonable person.  *United States v.*
14 *Nelson,* 718 F.2d 315, 321 (9th Cir. 1983).  "The 'reasonable person' in this context
15 means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly
16 suspicious person.'"  *Clemens v. United States District Court for the Central District of*
17 *California,* 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *In re Mason,* 916 F.2d 384, 385
18 (7th Cir. 1990)).

19         To determine whether disqualification is warranted under § 455(a), courts "apply
20 the general rule that questions about a judge's impartiality must stem from extrajudicial
21 factors, that is, from sources other than the judicial proceeding at hand."  *Id*. (citations
22 and internal quotation marks omitted).  Claims under § 455(a) are fact-driven, and must
23 be decided based on "an independent examination of the unique facts and circumstances
24 of the particular claim at issue."  *Id*. (citing *United States v. Bremers,* 195 F.3d 221, 226
25 (5th Cir. 1999)).  Because under § 455 courts consider all of the relevant facts, a motion
26 to recuse under § 455 is not limited to the affidavit of a party as in § 144.  The focus of an
27 analysis under § 455(a) is thus whether a well-informed, thoughtful observer might
28 question the judge's impartiality, based on the unique facts and circumstances of the

1 particular claim. Whether a judge is in fact impartial is thus not dispositive of a claim for 2 disqualification under this section; rather, § 455(a) requires disqualification for the 3 appearance of partiality.

4 **IV.    Analysis Under § 455(a)**

5 In this insurance case for breach of contract and bad faith claim handling, 6 Defendant hired an independent medical examiner, Dr. Hartzler, to evaluate Plaintiff. 7 Plaintiff bases her Motion for Recusal on the grounds that Judge Teilborg's relationship 8 with Dr. Hartzler, who will be an important witness in the case, raises questions about his 9 impartiality.

10 At a hearing on Defendant's Motion for Partial Summary Judgment on May 15, 11 2013, Judge Teilborg informed the parties that, in preparation for the hearing, he became 12 aware that Dr. Hartzler was a potential witness in the case. In light of that, Judge 13 Teilborg informed the parties that he had visited the practice group of which Dr. Hartzler 14 was a member on three occasions to have x-rays read. On two of those occasions—one 15 sometime in the last five years, and one sometime within the last few months—Dr. 16 Hartzler read Judge Teilborg's x-rays. Judge Teilborg had not seen Dr. Hartzler outside 17 of those two occasions, and had no other relationship, social or otherwise, apart from 18 those visits. Judge Teilborg informed the parties at that hearing that he did not believe 19 those visits formed any basis for recusal. (Doc. 83 at 4.)

20 In addition, Judge Teilborg's former firm, Teilborg, Sanders and Park, had, in the 21 past, hired Dr. Hartzler to complete a number of independent medical examination 22 reports as part of their medical malpractice defense work. Plaintiff identified seven cases 23 in which Dr. Hartzler was hired by Judge Teilborg's previous firm, all but two of which 24 took place long after Judge Teilborg had already left the firm. Judge Teilborg did not 25 work directly on either case in which Dr. Hartzler had been hired while Judge Teilborg 26 was still at the firm.

27 Plaintiff argues that these two facts—that Judge Teilborg saw Dr. Hartzler twice 28 as a patient, and that Judge Teilborg's former firm hired Dr. Hartzler to perform

independent medical examinations—create the objective appearance of partiality in this case. A central part of Plaintiff's case, she avers, will be to argue that Defendants acted in bad faith by hiring Dr. Hartzler to perform the independent medical examination. To do so, Plaintiff intends to attack Dr. Hartzler as inherently biased in performing independent medical examinations for Defendants in the past and to attack the credibility of the results of his exams. According to Plaintiff, a reasonable observer would question Judge Teilborg's ability to be impartial when she attacks the credibility of a doctor on whose medical expertise Judge Teilborg has relied.

This case therefore falls into the category of one in which a judge has a prior relationship with a witness. Judge Teilborg has already determined that he does not believe there is any basis for recusal because of his relationship with Dr. Hartzler. Under § 455(a), however, the fact that Judge Teilborg does not have actual bias for or against any party or witness is not dispositive. Instead, the Court considers whether a thoughtful observer, knowing and understanding all the relevant facts and circumstances, could reasonably question Judge Teilborg's impartiality in the case on the basis of his relationship with Dr. Hartzler.

In general, a judge's mere acquaintance or familiarity with a witness does not require disqualification. *United States v. Sundrud*, 397 F. Supp. 2d 1230, 1233 (C.D. Cal. 2005). Recusal is required, however, where a judge's personal relationship with a witness rises to a level that is so friendly or antagonistic that it would lead a reasonable person to question the judge's impartiality. As a general rule, the more insignificant the relationship and the greater the temporal distance between contacts, the less likely it is that a judge's impartiality can reasonably be questioned.

Because of that general rule, Plaintiff's contention that Judge Teilborg should be disqualified on the basis that his former law firm hired Dr. Hartzler is without merit. While Judge Teilborg was a member of the firm, more than 12 years ago, he did not directly work on any case in which Dr. Hartzler was hired. And when the firm hired Dr. Hartzler more recently, Judge Teilborg had already been on the bench for more than five

1 years. There was, in short, no meaningful contact between Judge Teilborg and Dr.
2 Hartzler in his capacity as a lawyer at Teilborg, Sanders and Park. The subsequent
3 contact between Dr. Hartzler and the firm after Judge Teilborg left the firm could not
4 reasonably raise a question about Judge Teilborg's impartiality.

5 With respect to Judge Teilborg's two visits to Dr. Hartzler as a patient to have x-
6 rays read, the parties have not cited any factually similar case which would dictate a
7 result here. However, there are many cases in which a judge's relationship with a witness
8 was much closer than the one at issue in this Motion and where the judge properly did not
9 recuse. For example, the Eighth Circuit found disqualification unnecessary even though
10 the judge maintained a friendship of thirty-six years with a fact witness and remained a
11 client of the witness's law firm in an ongoing unrelated matter. *Fletcher v. Conoco Pipe*
12 *Line Co.*, 323 F.3d 661, 665 (8th Cir. 2003). There, the court held that a recusal claim
13 should generally be denied when it "alleg[es] no more than a friendship between a judge
14 and a witness. . . ." *Id.*

15 Plaintiff contends, however, that Judge Teilborg's relationship with Dr. Hartzler is
16 more significant than a friendship because his visits to Dr. Hartzler as a patient
17 demonstrate that he has a deeply personal and trusting relationship with Dr. Hartzler.
18 According to Plaintiff, this is especially likely to cause an objective observer to question
19 Judge Teilborg's impartiality in this case because the doctor's credibility as a physician
20 will be attacked. The Court is not, however, persuaded that Judge Teilborg's relationship
21 with this witness would lead a reasonable, informed person to doubt his impartiality.

22 Judge Teilborg's relationship with Dr. Hartzler was limited to three visits for
23 minor orthopedic issues. The visits were to Dr. Hartzler's orthopedic group, and on one
24 occasion Judge Teilborg visited a different member of the group. If this were a case in
25 which Dr. Hartzler was Judge Teilborg's general physician, or Dr. Hartzler had seen
26 Judge Teilborg repeatedly over an extended period, disqualification would likely be
27 necessary. But in this case, the visits were for isolated incidents separated by many
28 years. There were no follow-up visits, and no indication that Judge Teilborg's

relationship with Dr. Hartzler was at all personal. Especially when compared with the ongoing relationship between the judge and the witness's law firm in *Fletcher*, Judge Teilborg's relationship with Dr. Hartzler was limited, both in scope and temporally. As a result, a thoughtful observer, knowing and understanding all the relevant facts and circumstances, could not reasonably question Judge Tielborg's impartiality in the case.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Recuse the Honorable James A. Teilborg Pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 (Doc. 76) is denied.

Dated this 11th day of July, 2013.

_____
Neil V. Wake
United States District Judge